ORIGINAL

MEMO ENDORSED

# SLEVIN & HART, P.C.
Attorneys at Law
1625 Massachusetts Avenue, NW, Suite 450
Washington, DC 20036
202/797-8700
FAX: 202/234-8231

MEREDITH B. GOLFO  
PRINCIPAL

MGOLFO@SLEVINHART.COM

April 6, 2023

*Via CM/ECF*

Hon. Louis L. Stanton  
Senior United States District Judge  
United States District Court for the Southern District of New York  
Daniel Patrick Moynihan United States Courthouse  
500 Pearl Street  
New York, NY 10007

USDC SDNY  
DOCUMENT  
ELECTRONICALLY FILED  
DOC #: _____  
DATE FILED: 4/7/23

Re: *The 32BJ North Pension Fund and its Board of Trustees v. Elsa Alvarado and Daisy Yamileth Aleman*, Case No. 23 Civ. 0388 (LLS)

Dear Judge Stanton:

This firm is counsel to the Plaintiffs in the above-referenced action, the 32BJ North Pension Fund and its Board of Trustees (the "Fund"). Pursuant to Rule 1(E) in your Individual Rules, the Fund respectfully moves for an indefinite adjournment of the Rule 16(b) conference currently scheduled for Friday, May 5, 2023 and the requirement that the parties file a proposed Scheduling Order a week prior, by Friday April 28, 2023. Rather than immediately appearing for a Rule 16(b) conference or filing a Scheduling Order, the Fund instead requests that a status report be due in 30 days.

So Ordered  
Louis L Stanton  
4/7/23

Although the Court's March 30 Order (ECF #16) directs the parties to appear for a Rule 16(b) conference and to file a standard Scheduling Order, the Fund respectfully submits that those procedures may be inapplicable in this case, at least with respect to the Fund, which filed this case as an interpleader action to resolve the issue of entitlement to certain pension benefits following the death of one of its participants, Carlos Pineda Mejia ("Decedent"). *See* Complaint (ECF #1). Both Defendants, Elsa Alvarado and Daisy Yamileth Aleman,[1] have applied to the Fund to receive benefits as Decedent's surviving spouse. *See id.* The Fund does not dispute that benefits are payable but cannot determine which of the Defendants is so entitled and commenced this action to interplead the benefits in dispute. *See id.* Moreover, it appears that the Defendants agree that this dispute is between them, rather than with the Fund. Defendant Alvarado filed an answer largely admitting to the allegations in the Complaint, and further claiming that she is Decedent's surviving spouse and "that decedent committed Bigamy." (ECF #14). Furthermore, the Fund's counsel has spoken with Kevin Fitzgerald, an attorney representing Defendant

---

[1] Defendant Aleman was served on March 18, 2023, and so her responsive pleading, which has not yet been filed, is not due until April 10, 2023. (ECF #15).

Hon. Louis L. Stanton
April 6, 2023
Page 2

Aleman, who indicated Defendant Aleman agrees that this dispute is between the Defendants, and not with the Fund.

Consequently, the Fund's view is that its role in this case should be limited to paying benefits to whichever Defendant the Court determines is entitled to them, such that the Fund will likely seek to be dismissed from the case, leaving Defendants to litigate their entitlement to the disputed benefits. As a result, in order to allow the parties to discuss appropriate procedures for this interpleader action, the Fund respectfully requests that the Court adjourn the Rule 16(b) conference and the requirement to file a Scheduling Order to allow the parties time to discuss whether there can be an agreement with respect to the Fund's involvement and that, rather than appearing immediately for a Rule 16(b) conference, a status report instead be due in 30 days. Additionally, undersigned counsel further notes that she would be unavailable to attend a Rule 16(b) conference on May 5, 2023, and so would need to request an adjournment regardless.

Pursuant to Rule 1(E) of your Individual Rules, the Fund respectfully states that: (1) this is the first request for an adjournment of the Rule 16(b) conference or the deadline to file a Scheduling Order; (2) Attorney Fitzgerald indicated that Defendant Aleman consents to this request; and (3) *pro se* Defendant Alvarado did not consent, explaining that she lacks knowledge on the process of this litigation..

The Fund thanks the Court for its consideration of this request.

Respectfully submitted,

*/s/ Meredith B. Golfo*

Meredith B. Golfo

MBG:RSS:4204.72

cc:   Elsa Alvarado, *pro se* Defendant (via email to *radoelsa1@gmail.com*)
      Kevin Fitzgerald, Esq., attorney for Defendant Daisy Yamileth Aleman (via email to
           *kfitzgeraldlawfirm@yahoo.com*).

21198321v4